UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRIAN NANCE,

       Plaintiff,

v.

CRST EXPEDITED, INC.,

       Defendant.

Case No. 3:24-cv-00125-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on a motion to dismiss. (Doc. 7). The defendant filed their motion on January 24, 2024. Following an evidentiary hearing, being duly advised in the premises having fully considered the issues and arguments raised, the Court **DENIES** the motion to dismiss, **without prejudice**.

### I.    INTRODUCTION

The plaintiff, Brian Nance, was initially offered a position with the defendant, CRST Expedited, as a long-haul driver, but was later deemed "not employable." Nance alleges that CRST terminated his employment, or alternatively, revoked his offer of employment on the basis of his disability. Nance filed a complaint with the Illinois Department of Human Rights ("IDHR") but the IDHR rejected his complaint, finding that they lacked jurisdiction because he was not employed in the state of Illinois.

After receiving a denial of his claim for lack of jurisdiction, Nance sued CRST, who removed this case. CRST claims that Nance does not qualify as an employee under the Illinois Human Rights Act ("IHRA") 775 ILL. COMP. STAT. 5/; nor was a filing error excused by the state court before this case was removed. Accordingly, CRST has moved that this case be dismissed

for lack of jurisdiction. Nance opposed the motion to dismiss.

As both parties claimed different levels of employment and there was a dispute as to Nance's specific duties and responsibilities in Illinois, the Court called an evidentiary hearing. However, no witnesses testified nor was any documentary evidence provided clarifying the scope of Nance's employment. What few additional details the Court was able to gather, led the Court to conclude that Nance's error was excusable, and that Nance's claims meet the bare minimum criteria to move forward. As more information could come to light that may change this calculus, the Court elects to deny the motion to dismiss without prejudice.

## II.     BACKGROUND

CRST posts available jobs within the state of Illinois. Nance applied to one of these openings and, in March 2022, was offered a position by CRST as a long-haul driver. According to Nance, CRST told him that he would be based out of his home in St. Clair County, Illinois. Nance would be dispatched from Illinois terminals or hubs to carry out cross-country hauls, with the promise he would be back home every week or every other week. Nance was told that it was possible he would do local "home same day" work within Illinois. While on long hauls, Nance would leave his car at Illinois terminals and hubs and, when not working, his truck would be parked at those terminals and hubs.

Nance was offered a bus ticket to Cedar Rapids, Iowa, for orientation. Before orientation, Nance submitted a urinalysis and disclosure which included prescription drugs. While at the orientation in Iowa, Nance became ill with dehydration and was hospitalized for three days. After he was released from the hospital, Nance was sent back to Illinois in order to obtain medical clearance from his doctor. The doctor faxed Nance's medical clearance to the Defendants and that fax listed his medications.

On May 19, 2022, Nance was told CRST could not bring him on board for legal reasons. Nance claims that another company representative told him that he was not brought on because the medical clearance that Nance's doctor faxed to CRST included his list of medications; and one of those medications was on a Department of Transportation prohibited list—Seroquel— which the defendant erroneously believed was a benzodiazepine. Not only is Seroquel not a benzodiazepine, it is not on the DOT's list of prohibited medications. Seroquel has a variety of uses. Nance alleges that he takes it to treat his PTSD and that it was based on that knowledge that CRST terminated or retracted his employment.

Nance, believing he was discriminated against on the basis of his PTSD, thought he had standing under the Illinois Human Rights Act. Nance filed a complaint with the IDHR but received a rejection letter informing him that the IDHR had determined they lacked jurisdiction, but that Nance was free to file suit if he disagreed. Accordingly, Nance filed suit.

Nance's attorney filed the initial complaint in St. Clair County Court on the last day Nance could file. However, due to an error in the paperwork, the clerk's office rejected it. Nance's attorney cured the error the next day and the complaint was subsequently accepted by the Clerk's Office. Though Nance's attorney had complied and taken all necessary steps to correct the error, the cured complaint was technically outside the filing window. While this error can be excused with leave of the court, Nance's attorney failed to move for that relief in state court before the case was removed.

As Nance is suing pursuant to the Illinois Human Rights Act, he must show that he is covered by it—meaning he must establish that his employment or prospective employment was within the state of Illinois. If Nance was an employee or prospective employee performing

services within the State of Illinois, then he would be covered by the act. However, if Nance was not an employee or prospective employee, he would not be covered by the IHRA and this Court would lack jurisdiction. The parties disagree over exactly what Nance's status was, what his job would have involved in Illinois, and the reason for his firing. The reason for Nance's firing will be settled by the trier of fact, but the question of whether Nance has standing under the IHRA is a threshold issue that must be addressed before this case can move forward.

CRST argues that the definition of employee ("any individual performing services for renumeration within [Illinois]" 775 ILL. COMP. STAT. 5/2-101) does not apply because he did not perform any work in Illinois for CRST; the bus ticket and training course in Iowa are not work within Illinois—in fact, this is why the IDHR dismissed Nance's complaint—and the promise of future work within Illinois is insufficient.

In opposition, Nance argues that his employment duties would involve work within Illinois, CRST advertises the work in Illinois, he was offered and accepted the position within Illinois, and provided the urinalysis and disclosures within Illinois. Additionally, Nance argues that the IHRA also applies to prospective employees, not just employees currently retained.

In reply, CRST argues that Nance appears to change his claims from an unlawful termination to a failure-to-hire claim. Regardless, CRST argues that Nance fails to meet the criteria for a failure-to-hire claim because, while CRST argues he was never formally hired, he has failed to allege the sufficient facts to sustain a prima facie claim of failure-to-hire. For one, CRST argues that he cannot point to someone who is similarly situated without his disability who was hired in lieu of him, nor can he show that his disability was the reason he was not hired.

At the hearing on the matter, little additional evidence was offered. CRST conceded that the filing issue was minor, but that they felt obliged to raise it regardless. On the jurisdictional

claim however, CRST argued that Nance was never actually paid nor did any actual work in Illinois, that the plaintiff's brief muddles unlawful termination and failure-to-hire standards under the IHRA, and that he has failed to properly plead.

The plaintiff argued that, whether he received a paycheck at the time yet was not a good metric for defining employment. Nance argues, because he took a drug test and underwent a medical examination, that he took multiple steps in preparation for his employment. He argued that, because it is unclear at this point whether Nance was actually hired and because failure to hire claims are cognizable under the IHRA, the suit should be allowed to proceed and the plaintiff can alternatively plead a failure-to-hire claim. As for the timeliness issue, plaintiff's counsel claimed that in their refiled complaint, he cited the relevant rule pertaining to curable error. CRST removed the case shortly thereafter, preventing Nance from seeking relief on the timeliness issue. Additionally, Nance argued that equitable tolling applied.

### III. LEGAL STANDARD

#### A. Motion to Dismiss

To survive a motion to dismiss for failure to state a claim, a plaintiff must allege facts sufficient to plausibly suggest a right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556. The

plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557. (brackets omitted).

Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Iqbal v. Hasty*, 490 F.3d 143, 157-158 (2d Cir. 2007). But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not "show[n]" "that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). *Ashcroft v. Iqbal*, 556 U.S. at 678-79 (2009). *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774 (7th Cir. 2022). When considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555 (2007)).

In *Bell Atlantic*, the Supreme Court rejected the more expansive interpretation of Rule 8(a)(2) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *Bell Atl.*, at 561-63; *E.E.O.C. v. Concentra Health Servs.*, 496 F.3d 773, 777 (7th Cir. 2007).  Now "it is not enough for a complaint to avoid foreclosing possible bases for relief;  it must actually suggest that the plaintiff has a right to relief . . . by providing allegations that 'raise a right to relief above the speculative level.'" *Concentra Health Servs.*, 496 F.3d at 777 (quoting *Bell Atl.*, 550 U.S. at 555).

Nevertheless, *Bell Atlantic* did not do away with the liberal federal notice pleading standard. *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir.

2007). A complaint still need not contain detailed factual allegations. *Bell Atl.*, 550 U.S. at 555. Nevertheless, it must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. That means that in an employment discrimination case, "a plaintiff must advance plausible allegations that she experienced discrimination because of her protected characteristics." *Kaminski*, 23 F.4th at 776 (citing *Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021)). If the factual detail of a complaint is "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8," it is subject to dismissal. *Airborne Beepers*, 499 F.3d 663, 667 (7th Cir. 2007); *see, e.g.*, *Kaminski*, 8 F.4th at 776-77.

    B. **Illinois Human Rights Act**

The Illinois Human Rights Act, 775 ILL. COMP. STAT. 5/, protects employees and prospective employees from discrimination on the basis of protected characteristics. This freedom from unlawful discrimination applies to those with disabilities. 775 ILL. COMP. STAT. 5/1-102(A). The IHRA defines an employee as "[a]ny individual performing services for remuneration within [the] State [of Illinois] for an employer." 775 ILL. COMP. STAT. 5/2-101(A)(1)(a). The IHRA defines an employer as "[a]ny person employing one or more employees when a complainant alleges civil rights violation due to unlawful discrimination based upon his or her physical or mental disability." 775 ILL. COMP. STAT. 5/2-101(B)(1)(b). However, the IHRA is not restricted just to employees; it covers a broad range of positions.

**IV.**    **ANALYSIS**

    CRST argues that Nance fails to qualify under the IHRA.[1] CRST meets the definition of

---

[1] It is curious that the defendant moved for dismissal on the basis of lack of subject matter jurisdiction when they are the ones who removed the case. However, the basis for their lack of jurisdiction claim hinges on whether Nance is covered by the IHRA. Therefore, a similar question would arise in state court if remanded.

an employer, the question is whether Nance meets the definition of an employee. Alternatively, if Nance's claims would be cognizable under a failure-to-hire claim, CRST argues that Nance has not adequately pled. Therefore, according to CRST, Nance's complaint should be exclusively evaluated on his unlawful termination claim; of course, Nance disagrees. The Court finds CRST's argument unconvincing.

Whether Nance was an employee highly depends on what services he provided to CRST, where and when he provided them, and what he received in exchange. CRST latches on to the "remuneration" aspect of the IHRA's definition for employee and argues that Nance never received remuneration for his services; therefore, Nance is not covered under the IHRA. However, there are two flaws with CRST's argument.

First, the statute does not define what "remuneration" means. Definitionally, remuneration is some form of compensation. There is nothing in the statute that restricts remuneration only to monetary compensation. There are insufficient facts to determine whether Nance received any remuneration for his pre-employment activities—monetary or otherwise. This leads into the next flaw with CRST's argument.

Second, the statute does not exclusively cover employees. It also covers prospective employees and even unpaid interns, among other classes of workers. In other words, while remuneration may be required to allege a case of unlawful termination, the question of remuneration is irrelevant under other provisions of the IHRA. The IHRA also covers a broad range of unlawfully discriminatory acts—not just unlawful termination or failure-to-hire. It stands to reason then that remuneration, while relevant for determining whether Nance was unlawfully terminated, is irrelevant for determining jurisdiction.

The IHRA prohibits unlawful discrimination on the basis of disability. Though Nance's

complaint does not plead that someone else was hired in lieu of him, there is insufficient evidence to conclude that. Whether someone was hired in lieu of Nance will require discovery. Regardless, under the liberal pleading standards, taking the facts as alleged by the plaintiff as true, Nance has alleged a plausible claim for relief and provided fair notice to CRST of the nature of his lawsuit.

At this point, whether Nance was an employee, a prospective employee, or other covered individual; is a red herring. It matters further down the line when distinguishing what exact kind of claim Nance is making, but, in this case at least, it does not determine whether this Court has jurisdiction. Regardless of Nance's position or prospective position, regardless of remuneration, the only dispositive question is whether Nance's activities or prospective activities took place in Illinois. While CRST may argue that there were insufficient activities *for remuneration* in Illinois for Nance's employment to be covered by the IHRA, when faced with the question of a failure-to-hire claim, CRST's simply argues that Nance has not adequately pled; not that the failure-to-hire did not occur in the state of Illinois. Taking the facts alleged by the nonmoving party as true, CRST plausibly engaged in some form of unlawful discrimination against Nance on the basis of his disability. Regardless of what form that discrimination takes, since Nance was a resident of Illinois, applied for the job in Illinois, and would be based out of Illinois; it is plausible that one or more acts took place within the state of Illinois to constitute unlawful discrimination.

This case is far from clear, but as more facts are revealed, the more the concrete details the parties and the court have at their disposal. Given discovery would facilitate this process, there are no sufficient reasons nor sufficient evidence to conclude what acts precisely occurred within the state of Illinois. As the moving party, CRST bears the burden, they have not met that

burden here.

It is the finding of this Court that, as it currently stands, the record is too incomplete to definitively rule on jurisdiction. As a lack of subject matter jurisdiction objection can be raised at any point in the litigation, and discovery will reveal facts that will settle the jurisdiction question in due course, the Court will allow this case to proceed with discovery. As additional facts come to light, if the defendant believes there is sufficient evidence to argue that this Court lacks subject matter jurisdiction, they are welcome to raise that objection at a later date. Therefore, while the Court chooses to deny the motion to dismiss, the Court does so without prejudice.

Briefly, the filing issue is excusable. Not only was the error minor (plaintiff's counsel had not checked the proper box on the jury demand), plaintiff's counsel immediately cured the error, invoked equitable tolling, and this case was removed before the state court could address this issue. These are insufficient grounds to dismiss.

## V. CONCLUSION

The Court finds that the record is too incomplete to determine whether it has subject matter jurisdiction. Whether the Court has jurisdiction will depend on what actions took place within Illinois. Given the incomplete record, the only way for the Court to allow the parties to develop a factual record is to proceed with discovery and allow the defendant to raise the issue at a later date, if they so choose. The filing error was minor and is excused here. Accordingly, the Court **DENIES** the defendant's motion to dismiss, (Doc. 7), but **without prejudice**.

**IT IS SO ORDERED.**
**DATED:  September 3, 2024**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**